**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GREGORY IVAN HAWKINS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 19-CV-0314-JED-JFJ |
| JIMMY MARTIN, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Gregory Ivan Hawkins, a state inmate appearing *pro se*, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus, seeking federal habeas relief from the judgment entered against him in the District Court of Osage County, Case No. CF-2013-259. Respondent moves to dismiss the petition, alleging Petitioner failed to file it within the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Having considered the petition (Doc. 1), Respondent's dismissal motion (Doc. 11) and supporting brief (Doc. 12), and Petitioner's response (Doc. 24), the Court concludes that the petition was not timely filed and that Petitioner has not made the necessary showings to support his request for equitable tolling of the one-year limitation period. The Court therefore grants Respondent's motion and dismisses the petition for writ of habeas corpus, with prejudice, as time-barred.

**I.     Background**

On October 23, 2015, Petitioner, while represented by counsel but without the benefit of a plea agreement, pleaded no contest to five counts of lewd molestation, in violation of Okla. Stat. tit. 21, § 1123 (2011), and four counts of second-degree rape, in violation of Okla. Stat. tit. 21, § 1114 (2011), in Osage County District Court, Case No. CF-2013-259. Doc. 1, at 1-2; Doc. 12-1 (Plea

Form).¹ The trial court imposed a 20-year prison sentence for each lewd molestation conviction and ordered those sentences to be served concurrently with each other; imposed a 15-year prison sentence for each rape conviction and ordered those sentences to be served concurrently with each other; and ordered the 15-year concurrent sentences to be served consecutively to the 20-year concurrent sentences. Doc. 12-1, at 6-7. The trial court further ordered the Osage County sentences to be served concurrently with prison sentences imposed against Petitioner in the District Court of Tulsa County, Case No. CF-2013-3239, a case involving the same minor victim. *Id.* at 2, 6-7; Doc. 12, at 8 n.2. At the combined plea and sentencing hearing, the trial court advised Petitioner of the procedures for withdrawing his pleas and for filing an appeal, and the Plea Form, signed by Petitioner, reflects that he understood those rights. Doc. 12-1, at 7; *see also* Doc. 24, at 13 (excerpt of plea hearing transcript showing trial court's explanation of appeal rights and Petitioner's verbalized understanding of those rights). Petitioner did not move to withdraw his pleas or file a timely appeal. Doc. 1, at 2, 23.

Proceeding *pro se*, Petitioner sought postconviction relief in state court on four occasions. First, on October 5, 2016, Petitioner filed a petition for writ of habeas corpus in the District Court of Beckham County, the county of his incarceration. Doc. 12-2. In that petition, Petitioner sought relief from his convictions in Osage County and Tulsa County.² *Id.* at 1-4. Specifically, he sought

---

1      For consistency, the Court's record citations refer to the CM/ECF header pagination.

2      Petitioner contends he "never filed a state court habeas petition against Osage County on October 5, 2016." Doc. 24, at 7. He asserts the state habeas petition challenged only his Tulsa County convictions. *Id.* But Respondent submitted a copy of the state habeas petition (Doc. 12-2) and the order dismissing the petition (Doc. 12-3). It is clear from both documents that Petitioner sought to challenge the validity of his convictions in both counties. The Court thus finds, contrary to Petitioner's assertion, that Respondent accurately includes that petition in the procedural history for Petitioner's Osage County case.

2

release from confinement, claiming his sentences in both cases violated his right to be free from double jeopardy and that he had discharged his sentences in both cases by paying one of the many fines imposed. Doc. 12-2, at 1-4. The Beckham County District Court dismissed the petition on December 28, 2016, citing a lack of jurisdiction. Doc. 12-3. Nothing in the record suggests that Petitioner filed an appeal to challenge the dismissal of his state habeas petition.

Second, on May 15, 2017, Petitioner filed an application for postconviction relief in Osage County District Court, seeking a recommendation for an appeal out of time on the ground that he was denied an appeal through no fault of his own because "counsel did nothing to explain how the appeal procedure would be taken or that a notice of appeal must be filed." Doc. 1, at 3, 17-18. The state district court denied the application on July 18, 2017, finding that Petitioner had been fully advised of his appeal rights at the sentencing hearing, informed the court that he understood those rights and "fail[ed] to show any reason why he should appeal." Doc. 1, at 18. Petitioner attempted to file a postconviction appeal, in Case No. PC-2017-815, but the Oklahoma Court of Criminal Appeals (OCCA) dismissed the appeal on May 18, 2018, because Petitioner failed to comply with the OCCA's rules for perfecting the appeal. Doc. 1, at 19-21.

Third, on September 20, 2017, Petitioner filed a "motion for concurrent sentence" in Osage County District Court. Doc. 1, at 4; Doc. 12-4, at 1. In that motion, Petitioner asked the court to convert his consecutive sentences for rape and lewd molestation to concurrent sentences. Doc. 1, at 31. The state district court denied the motion in an order filed December 1, 2017, and Petitioner attempted to appeal from that order. Doc. 1, at 31-32; Doc. 12-4, at 1. By order filed June 4, 2018, in Case No. PC-2017-1312, the OCCA declined appellate jurisdiction and dismissed the appeal, concluding that the state district court's order was not an appealable order. Doc. 12-4, at 1-4.

Fourth, on August 3, 2018, Petitioner filed a second application for postconviction relief in Osage County District Court, seeking a recommendation for an appeal out of time. Doc. 1, at 23. In a thorough order filed November 1, 2018, the state district court denied Petitioner's application. *Id.* at 23-25. Petitioner perfected a postconviction appeal and, on February 26, 2019, the OCCA issued an order, in Case No. PC-2018-1274, affirming the district court's order denying Petitioner's second application for postconviction relief. *Id.* at 27-30. The OCCA specifically found that Petitioner waived any issues he could have raised on direct appeal and that Petitioner failed to demonstrate "he was denied an appeal through no fault of his own." *Id.* at 28-29.

Petitioner filed the instant federal petition for writ of habeas corpus on June 13, 2019. Doc. 1, at 1. He claims he is entitled to habeas relief because his plea was not knowing and voluntary (ground one) and because trial counsel provided ineffective assistance by failing to defend him during plea negotiations and sentencing (ground four), abandoning him during the critical 10-day period for filing an appeal after sentencing (ground two), and misadvising him about the length of the sentence for parole and commutation purposes (ground three). *Id.* at 5, 7, 8, 10.

In response to the petition, Respondent filed a motion to dismiss (Doc. 11) and a brief in support (Doc. 12), asserting that Petitioner failed to comply with the applicable one-year statute of limitations for filing a federal habeas petition, as provided in 28 U.S.C. § 2244(d)(1) and that Petitioner's circumstances do not support equitable tolling of the one-year period. Petitioner filed a timely response (Doc. 24). Petitioner contends, in his petition and response, that he is entitled to equitable tolling of the one-year limitation period because plea counsel provided ineffective assistance during plea negotiations and during the plea and sentencing hearing and "abandoned" him

during the period for withdrawing his pleas and filing an appeal, causing him to waive his right to appeal. Doc. 1, at 13-14; Doc. 24, at 2-7.

**II.    Analysis**

Respondent contends that the petition is untimely under 28 U.S.C. § 2244(d)(1)(A) and that petitioner has not demonstrated any circumstances to support his request for equitable tolling of the one-year limitation period. Docs. 11, 12. The Court agrees with both contentions.

**A.    The petition is untimely under 28 U.S.C. § 2244(d)(1)(A).**

A state prisoner generally has one year from the date his state-court judgment becomes final, upon the conclusion of direct review, to file a federal habeas petition challenging the constitutional validity of that state-court judgment. 28 U.S.C. § 2244(d)(1)(A).[3] Because Petitioner's convictions rest on his no contest pleas, his only path to direct review under Oklahoma law was through a certiorari appeal. *Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012). Petitioner had 10 days from the date of his sentencing hearing to file a motion to withdraw his pleas and request an evidentiary hearing if he intended to pursue an appeal. *See Clayton*, 700 F.3d at 441 (noting that an "application to withdraw guilty plea and the evidentiary hearing are both necessary and critical steps in securing [a certiorari] appeal" (quoting *Randall v. State*, 861 P.2d 314, 316 (Okla. Crim. App. 1993)); Okla. Stat. tit. 22, § 1051; Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2020) (providing criminal defendant convicted on guilty plea must move to withdraw plea

---

[3]    The one-year limitation period may also commence on a later date under § 2244(d)(1)(B), (d)(1)(C), or (d)(1)(D), but even applying the rule of liberal construction, the Court does not read the petition as suggesting that any of these alternative provisions apply. Doc. 1, at 13-14; *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (requiring courts to liberally construe pleadings filed by *pro se* litigants). Thus, like the parties, the Court confines its analysis to timeliness under § 2244(d)(1)(A).

within 10 days of sentencing if he or she intends to appeal). Because Petitioner did not move to withdraw his pleas before the 10-day period expired, his convictions became final on November 2, 2015. Petitioner's one-year limitation period for filing a timely federal habeas petition commenced the next day, November 3, 2015, and, absent any tolling events, expired on November 3, 2016. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (discussing calculation of one-year limitation period).

As Respondent contends, none of Petitioner's postconviction filings qualified as tolling motions under 28 U.S.C. § 2244(d)(2). Under that provision, the one-year limitation period is tolled, or suspended, for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, to obtain the benefit of statutory tolling, the petitioner must file an application for postconviction relief or other collateral review in state court before the one-year limitation period expires. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). And the application for postconviction relief or other collateral review must be "properly filed," meaning that it must be filed in accordance with applicable state laws and procedural rules. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Loftis v. Chrisman*, 812 F.3d 1268, 1272 (10th Cir. 2016).

Here, Petitioner filed a petition for writ of habeas corpus in Beckham County District Court on October 5, 2016, before his one-year limitation period expired. Doc. 12-2. But the state district court dismissed that petition for lack of jurisdiction, reasoning that Petitioner improperly attempted to challenge the validity of his Tulsa County and Osage County judgments through a state habeas petition rather than through an application for postconviction relief filed in the district court that imposed his sentence. Doc. 12-3, at 1-2. Because Petitioner sought postconviction relief through

a state habeas petition rather than through the postconviction procedures established by state law, the state habeas petition was not "properly filed" for purposes of statutory tolling. *See Artuz*, 531 U.S. at 8 (noting that "an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" and citing examples such as "the form of the document," "time limits upon its delivery," and "the court and office in which it must be lodged" (emphasis in original)). And, because Petitioner's state habeas petition had no tolling effect, his one-year limitation period for filing a timely federal habeas petition continued to run while the state habeas petition was pending and expired on November 3, 2016.[4] Petitioner's two applications for postconviction relief, filed May 15, 2017, and August 3, 2018, were both filed after the one-year limitation period expired and therefore had no tolling effect. *Clark*, 468 F.3d at 714. Likewise, even assuming Petitioner's "motion for concurrent sentence," filed September 20, 2017, constitutes a request for "collateral review" within the meaning of § 2244(d)(2), that motion too was filed after his one-year limitation period expired and thus had no tolling effect. *Clark*, 468 F.3d at 714.

Based on the foregoing, the Court agrees with Respondent that the federal habeas petition, filed June 13, 2019, is untimely under § 2244(d)(1)(A).

---

[4]     Even if the state habeas petition was "properly filed" such that it could support statutory tolling, it would not render the federal habeas petition timely. The state habeas petition was pending for 85 days, between October 5, 2016, and December 28, 2016. And, while Petitioner did not appeal the denial of that petition, he would be entitled to 30 additional days of tolling for the time that he could have perfected the appeal. *Gibson v. Klinger*, 232 F.3d 799, 804 (2000); *see also* Rule 10.1(C), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2020) (providing 30-day period to file appeal from denial of motion for extraordinary relief). Extending the one-year limitation period for 115 days, that period would have expired on February 27, 2017, nearly three months before Petitioner filed his first application for postconviction relief and over two years before he filed the instant federal habeas petition.

### B. Petitioner's circumstances do not warrant equitable tolling.

As Petitioner contends, because § 2244(d)(1)'s statute of limitations is not jurisdictional, it "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). However, to warrant equitable tolling a habeas petitioner must "show specific facts" demonstrating (1) that he diligently pursued his federal claims and (2) that extraordinary circumstances prevented him from filing a timely federal habeas petition. *Id.* at 928-29; *see also Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005) (describing diligence and extraordinary circumstances as "two elements" a petitioner must establish to obtain the benefit of equitable tolling).

Petitioner urges the Court to toll the one-year limitation period for equitable reasons, arguing that trial counsel abandoned him immediately after his sentencing hearing and failed to file an appeal, thereby depriving petitioner of his right to appeal. Doc. 1, at 13-14; Doc. 24, at 2-7. If true, Petitioner's allegations arguably demonstrate that counsel performed deficiently and prejudiced petitioner by failing to file a certiorari appeal in state court. *See Clayton*, 700 F.3d at 442-43 (affirming district court's finding that habeas petitioner was denied Sixth Amendment right to counsel when facts supported petitioner's allegation that counsel disregarded his request to file an appeal). But the record in this case does not support Petitioner's apparent assertion that his trial counsel's failures prevented him from filing a timely federal habeas petition.

Significantly, counsel's alleged abandonment occurred immediately after the October 23, 2015 plea hearing, during the critical 10-day window to withdraw his pleas, the first step in filing a certiorari appeal. Doc. 1, at 2-3, 7, 9; Doc. 24, at 3. This was nearly four years before Petitioner filed his federal habeas petition in June 2019. During that four-year period, Petitioner sought

postconviction relief in state district court on four different occasions and pursued, or attempted to pursue, three postconviction appeals. But, on the first occasion, Petitioner did not raise any issues related to trial counsel's alleged ineffectiveness or the invalidity of his pleas; rather, he asserted a double-jeopardy claim and alleged that he discharged his sentences by paying one or more of his fines. Doc. 12-2. Petitioner did not allege that counsel deprived him of his right to appeal until May 2017, when he filed his first application for postconviction relief, seeking an appeal out of time. Doc. 1, at 17-18, 24. As the state district court noted, this was more than one year after counsel's alleged abandonment. *Id.* at 17. Four months later, after failing to perfect a postconviction appeal, Petitioner filed a motion seeking a concurrent sentence, challenging only the state district court's discretionary decision to impose consecutive rather than concurrent sentences. *Id.* at 31-32. Petitioner then waited until August 3, 2018, when he filed his second application for postconviction relief, to reassert his claim that trial counsel abandoned him and waived his appellate rights. *Id.* at 23-25. On this record, the Court cannot find that Petitioner diligently pursued his federal habeas claims.

Moreover, as Respondent argues, Petitioner's allegations regarding trial counsel's abandonment, if true, may explain why petitioner failed to comply with Oklahoma's requirements for filing a certiorari appeal, but those allegations do not explain why petitioner failed to comply with § 2244(d)(1)'s one-year deadline for filing a federal habeas petition. Doc. 12, at 18-20; *see e.g.*, *Mullins v. Allbaugh*, 663 F. App'x 628, 631 (10th Cir. 2016) (unpublished) (rejecting habeas petitioner's request for equitable tolling of one-year limitation period based on allegation that trial counsel rendered ineffective assistance by failing to file a motion to withdraw plea within 10 days

9

of sentencing); *Loving v. Mahaffey*, 27 F. App'x 925, 926 (10th Cir. 2001) (unpublished)[5] (rejecting habeas petitioner's claim of diligence, notwithstanding his assertion that his lawyer failed to file notice of appeal as requested, in light of fact that petitioner failed to explain why it took him almost four years after his conviction became final to file an application for postconviction relief in state court and almost five years after his conviction became final to file a federal habeas petition).

Under these circumstances, the Court finds that Petitioner is not entitled to equitable tolling of the one-year limitation period.

**III**.   **Conclusion**

Based on the foregoing analysis, the Court concludes that Petitioner filed his federal habeas petition after the expiration of his one-year limitation period under 28 U.S.C. § 2244(d)(1)(A) and that he has not made the necessary showings to support his request for equitable tolling. The Court therefore grants Respondent's dismissal motion and dismisses the petition for writ of habeas corpus, with prejudice, as time-barred.

**IV.**   **Certificate of appealability**

As a final matter, the Court must consider whether to issue or deny a certificate of appealability. 28 U.S.C. § 2253(c); Rule 11(a), *Rules Governing Section 2254 Cases in the United States District Courts*. When an adverse ruling in a habeas proceeding rests on a procedural ground, the petitioner must show that reasonable jurists could debate (1) whether the petitioner asserted a viable constitutional claim and (2) whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[5]   The Court cites this unpublished decision for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Conceivably, reasonable jurists might debate whether Petitioner states a viable Sixth Amendment claim based on his allegations that trial counsel's failures deprived him of his right to appeal his convictions. *See, e.g.*, *Clayton*, 700 F.3d at 442-43 (affirming district court's finding that habeas petitioner was denied Sixth Amendment right to counsel when facts supported petitioner's allegation that counsel disregarded his request to file an appeal). But reasonable jurists would not debate the Court's determinations (1) that the habeas petition is untimely under § 2244(d)(1)(A) and (2) that Petitioner failed to demonstrate the requisite diligence to support his request for equitable tolling. The Court therefore declines to issue a certificate of appealability. Should Petitioner file an appeal in the Court of Appeals for the Tenth Circuit, he may ask a circuit judge to issue a certificate of appealability. *See* Fed. R. App. P. 22(b).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss (Doc. 11) is **granted**.

2. The petition for writ of habeas corpus (Doc. 1) is **dismissed with prejudice** as time-barred.

3. A certificate of appealabilty is **denied**.

4. A separate judgment shall be entered in this matter.

ORDERED this 3rd day of September 2020.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT